In the matter of the petition of the receivers of the New Jersey and New York Railway Company for relief.

Two railroads were in the hands of receivers, appointed by this court under insolvency proceedings.—*Held*, that the court had power, on the application of either receiver, to modify a contract made before their insolvency, so as to equitably re-adjust the rates agreed upon by them for terminal facilities, and, also, for the use of part of one road by the other company.

On petition and order to show cause.

*Mr. Alexander*, of New York, for the petitioners.

*Mr. Cortlandt Parker*, for the respondent.

THE CHANCELLOR.

The receivers of the New Jersey and New York Railway Company, by their petition, complain that the terms of the contract made between that company and the Erie Railway Company, for the purpose of securing, for compensation therein fixed, to the New Jersey company, the right to use nine miles of the track of the Erie company, with terminal facilities, &c., imposes, in the compensation required to be paid, an unreasonable burden upon the trust in their hands. The contract has been before this court on two previous occasions. *Elmira Rolling Mill Co.* v. *Erie Railw. Co.*, 11 *C. E. Gr.* 284; *S. C.*, 1 *Stew.* 400. The petitioners state that it was made at a time (in 1874) when rents, tolls, equipments, and all kinds of labor and materials were much more expensive than they are now, and that the rates paid by them as compensation to the respondent, the receiver of the Erie company, under it, are excessive in comparison with the present value of such facilities, services, and accommodations, and they pray that the rates may therefore be re-adjusted.

The application is opposed by the respondent on the ground that it is not in the power of this court to reduce the compensation fixed in the contract; that this court cannot impair the obligation of the contract.

Both the companies are insolvent, and their property is in the hands of receivers, appointed by this court under proceedings in insolvency. The statute (*Rev.* p. 196) makes it the duty of this court to operate these railroads for the use of the public. Any arrangements made between the companies for the use by the one of the track or other facilities of the other, necessary to the convenient operation of its

road, and, therefore, to the accommodation of the public, will, under the circumstances presented by this case, be controlled so far as it may be proper to do so, provided that it may be done without injustice to the company which is required to furnish the facilities.   If the contract in question had been found to be onerous upon and injurious to the Erie trust, that trust would, on proper application, have been released from it or relieved by re-adjustment, according as circumstances might have required.   This court is not bound to recognize the obligation of such a contract, where it is injurious to the trust required to furnish the facilities, or to that to which they are furnished, and it will of course modify it, if in equity it ought to be done in the interest of the trust to which the facilities are furnished, if it can be done with due regard to the interest of the other trust.   The court, of course, will not take the property of one railroad company for the benefit of another.   It will not require the receiver of one railroad company to furnish facilities to the receiver of another in the operation of the road in charge of the latter, to the detriment of the trust in the hands of the former; but, if there be necessity for so doing, it will not hesitate to modify the terms on which the facilities are furnished, wholly ignoring, if need be, the bargain made between the two insolvent companies, always taking care, however, that the company furnishing the facilities receives due compensation therefor.

It is urged on behalf of the Erie receiver, that the order of this court appointing him, recognizes the inviolability of such contracts.   It provides that any person or corporation having a contract with the Erie company shall be at liberty to apply, by petition in the suit in which that order was made or by independent bill, for and obtain relief and injunction, if entitled thereto, to require the company or the receiver to refrain from violating any such contract, or for any other relief on such terms as the chancellor shall think fit.   The object of that provision, however, was to maintain,

for salutary purposes and to prevent injustice, the power of this court over contracts made by the company.

There should be an inquiry into the merits of the petition. It will, therefore, be referred to a special master to ascertain and report as to the truth of its statement with regard to the unfairness of the contract price of the facilities to be furnished, and, also, to ascertain and report whether they can and ought to be furnished by the Erie trust at a lower rate, and, if so, at what rate.